IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:13-CR-12-004 (WLS) |
| MARY WILKERSON, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Pending before the Court is Defendant Mary Wilkerson's Motion to Dismiss, or Alternatively, for Continuance and Sever, and Compel Meaningful Discovery.  (Doc. 223.) Wilkerson alleges that the Government's June 24 and 30 discovery disclosures were not accompanied by easily searchable databases, and therefore require page-by-page review.  (*Id.* at 2.)  She also claims that she was not timely provided a password to access one of two discovery disclosures made by the taint team on July 10, 2014.  (*Id.*)  Wilkerson states that those circumstances require dismissal of the indictment or, in the alternative, a severance from the other defendants, continuance, and an order compelling "meaningful" discovery.  (*Id.* at 4.) The Government asserts that Wilkerson's instant motion is factually incorrect and, even if such issues exist, Wilkerson should have asserted the same at the July 11, 2014, hearing.[1] (*See* Doc. 224.)  The Court held a hearing on the instant motion on July 25, 2014.  The Court denies that motion for the reasons stated at the hearing and the reasons stated below.

On July 11, 2014, the Court held a hearing on a motion to dismiss the indictment filed by Defendants Michael Parnell, Stewart Parnell, and Mary Wilkerson.  The Court took that opportunity to review the June 24 and 30 disclosures.  At the close of the hearing, the Court found that the Government did not suppress information or intentionally make a late disclosure.  The Court also found that a two-week continuance was appropriate to allow Defendants to review the June 24 and 30 disclosures as a remedy for any potential discovery violation by the Government, or any late disclosure of documents that arguably contained

---

[1] The Court notes that, at the July 11 hearing, counsel for Wilkerson stated that he had received materials, presumably from the taint team, but he had not yet had the opportunity to review those materials.

*Brady* or *Giglio* material. The Court did not find that the disclosures contained *Brady* or *Giglio* material; the Court granted a two-week continuance in an abundance of caution.

As to the June 24 and 30 disclosures, the Court finds that Wilkerson has not demonstrated any changed circumstances that would require the Court to reconsider its referenced findings. *See McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (discussing motion for reconsideration standard). Wilkerson has had nearly one month to review the June 24 and 30 disclosures. Further, her counsel has enjoyed the use of a technological assistant, a *pro bono* paralegal, and specialized software to search a large volume of documentation. For those reasons, it would not be appropriate for the Court to dismiss the indictment or grant a continuance based on the June 24 and 30 disclosures.

As to the July 10 disclosures, Wilkerson has not demonstrated the type of prosecutorial misconduct that would justify the "extreme sanction" of dismissing the indictment. *See United States v. Shelley*, 405 F.3d 1195, 1202 (11th Cir. 2005). The taint team provided Wilkerson with the discovery materials as soon as the team reviewed it. Further, the Court finds that a continuance would be inappropriate. A defendant in a criminal prosecution has the right to review expert opinions and documents related to those opinions, *Brady* and *Giglio* material, and Jencks Act material in light of the various rules and traditions attendant thereto. Wilkerson has not demonstrated that the July 10 disclosures fell under any of those categories. In any event, given that she received the materials two weeks before trial, has access to a technological assistant and discovery search software, the Court is satisfied that Wilkerson had sufficient time to review the discovery materials before trial. For those reasons, the Court denies Wilkerson's request for a continuance.

Lastly, the Court denies Wilkerson's request for severance. In her motion, Wilkerson failed to assert any argument as to why she should be severed. Wilkerson is reminded that, under M.D. Ga. L. Crim. R. 47.1, "every motion filed in a criminal proceeding shall be accompanied by a memorandum of law citing supporting authorities." Under Federal Rules of Criminal Procedure 8 and 14, a joint trial of these Defendants is appropriate and there is no

indication that prejudice will result.  Accordingly, Wilkerson's Motion to Dismiss, or Alternatively, for Continuance and Sever, and Compel Meaningful Discovery (Doc. 223) is **DENIED.**

**SO ORDERED**, this _30th_ day of July 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**