FILED
Sept 12 20__
Courtroom Deputy/Scheduling Clerk
U.S. District Court
Middle District of Georgia

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 1:13-CR-12 (WLS) |
| STEWART PARNELL, | : | |
| MICHAEL PARNELL, and | : | |
| MARY WILKERSON, | : | |
| | : | |
| Defendants. | : | |

## JURY INSTRUCTIONS

Members of the Jury:

I will now explain the rules of law that you must follow and apply in deciding this case. When I have finished, and following arguments of counsel and some final instructions, you will go to the jury room and begin your discussions—what we call your deliberations.

I have written my instructions and will provide you a copy for reference during your deliberations. Therefore, you may, but need not, take notes or try to memorize the instructions. It is important, instead, that you pay close attention as I go through these instructions with you.

1

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendants guilty of the crime charged in the Indictment. I instruct you that where I refer to "the Defendant" or "the Defendants" in these instructions, the Court is referring to STEWART PARNELL, MICHAEL PARNELL, and MARY WILKERSON.

You must make your decision only on the basis of the testimony and other evidence presented during trial, and you must not be influenced in any way by sympathy or prejudice for or against any Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out or disregard any of the Court's instructions on the law.

The Indictment or formal charge against a Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his or her innocence or to produce any evidence at all. A Defendant does not have to testify, and if he or she chooses not to testify, you cannot consider that in any way while making your decision.

The Government has the burden of proving each Defendant guilty beyond a reasonable doubt and, if it fails to do so, you must find that Defendant or those Defendants not guilty. Thus, while the Government's burden of proof is a strict or

heavy burden, it is not necessary that the Defendants' guilt be proved beyond all possible doubt.   It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendants' guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

"Proof beyond a reasonable doubt," therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.   If you are convinced that the Defendants have been proved guilty beyond a reasonable doubt, say so.   If you are not convinced, say so.

As I said earlier, you must consider only the evidence that I have admitted in the case.   The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record.   Remember, anything the lawyers say is not evidence in the case.   What the lawyers say is not binding upon you.   It is your own recollection and interpretation of the evidence that controls.   Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case.

In this case you have been permitted to take notes during the course of the trial, and most of you—perhaps all of you—have taken advantage of that opportunity and have made notes from time to time.

You will have your notes available to you during your deliberations, but you should make use of them only as an aid to your memory. In other words, you should not give your notes any precedence over your independent recollection of the evidence or the lack of evidence, and neither should you be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been.

In considering the evidence, you may make deductions and reach conclusions which reason and common sense lead you to make. You should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove or disprove a fact. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you

believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning a particular point is not necessarily controlling.

In deciding whether you believe or do not believe a witness I suggest that you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

You should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things

inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

If a witness is shown to have knowingly testified falsely concerning any material matter, you have a right to distrust such witness's testimony on other particulars, and you may reject all the testimony of that witness, or give it such weight as you may think it deserves.

You must consider some witnesses' testimony with more caution than others.

In this case, the Government has called as one or more of its witnesses a person or persons with whom the Government has entered into a plea agreement providing for the possibility of a lesser sentence than the witness would otherwise be exposed to. Such plea bargaining, as it is called, has been approved as lawful and proper and is expressly provided for in the rules of this court. However, a witness who hopes to gain more favorable treatment in his or her own case may have a reason to make a false statement because the witness wants to strike a good bargain with the Government. So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses. And, of course, the fact that a witness has pled guilty to a crime or

crimes charged in the Indictment or in a separate but related case is not evidence, in and of itself, of the guilt of any other person.

When scientific, technical, or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter. However, that does not mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon that opinion.

During the trial, you heard evidence of an act or acts allegedly done by one or more of the Defendants on other occasions that may be similar to acts the Defendants are currently charged with. You must not consider any of this evidence to decide whether the Defendants committed the acts charged now. But you may consider this evidence for other very limited purposes.

If other evidence leads you to decide beyond a reasonable doubt that a Defendant or the Defendants committed the charged acts, you may consider evidence of similar acts done on other occasions to decide whether that Defendant or those Defendants had the state of mind or intent necessary for the crime charged, acted according to a plan or to prepare to commit a crime, or committed the charged acts by accident or mistake.

At this time I will explain the Indictment. The Indictment charges 71 separate crimes, called "counts," against the Defendants. Each count has a number. You will be given a copy of the Indictment to refer to during your deliberations. However, remember that the Indictment is not evidence of guilt or of anything else in this case.

Count One charges that Defendants Stewart Parnell and Michael Parnell knowingly and willfully conspired to commit Interstate Shipments Fraud, which I will refer to in these instructions as Mail Fraud, and Wire Fraud. Count Two charges that Defendants Stewart Parnell and Michael Parnell knowingly and willfully conspired to commit Introduction of Adulterated or Misbranded Food into Interstate Commerce with Intent to Defraud or Mislead. Counts Three through 68, and Counts 72, 73, and 76 charge that Defendants committed what are called "substantive offenses," specifically Introduction of Adulterated Food into Interstate Commerce with Intent to Defraud or Mislead in Counts 3-22, Introduction of Misbranded Food into Interstate Commerce with Intent to Defraud or Mislead in Counts 23-35, Mail Fraud in Counts 36-55, Wire Fraud in Counts 56-67, and Obstruction of Justice in Counts 68, 72, 73, and 76. I will explain the law governing those substantive offenses in a moment.

But first note that Counts One and Two do not charge Defendants Stewart Parnell and Michael Parnell with committing substantive offenses—they are charged

with conspiring to commit certain substantive offenses. I will also give you specific instructions on conspiracy.

Each count of the Indictment charges a separate crime against one or more of the Defendants. You must consider each crime and the evidence relating to it separately. And you must consider the case of each Defendant separately and individually. If you find a Defendant guilty of one crime, that must not affect your verdict for any other crime charged, or for any other Defendant.

You must never consider punishment in any way to decide whether a Defendant is guilty. If you find a Defendant guilty, the punishment is for the Judge alone to decide later.

I caution you that each Defendant is on trial only for the specific crimes charged in the Indictment and any lesser-included crimes. You are here to determine from the evidence in this case whether each Defendant is guilty or not guilty of those specific crimes.

I will now explain the specific charges in the Indictment. Counts One and Two allege the Defendants Stewart Parnell and Michael Parnell conspired with each other and other individuals to commit particular crimes.

It is a Federal crime for anyone to conspire or agree with someone else to do something that would be another Federal crime if it was actually carried out.

9

A "conspiracy" is an agreement by two or more persons to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of the conspiracy becomes the agent or partner of every other member. The words "agent" and "partner" are used in these instructions to refer to an agency or partnership relationship for the purpose of a criminal enterprise. Those words do not refer to an agency or partnership relationship in the course of a lawful business or corporate enterprise.

Generally, an employee is the agent of his or her employer when acting within the scope of his or her employment and, as an agent, generally acts at the direction and authority of his or her employer. For the purposes of these instructions and the charges in the Indictment, the Court is not referring to the general agency of a person strictly acting in his or her role as an ordinary employee, but instead is referring to an employee's alleged criminal agency, if any, in connection with his or her knowing participation as an agent of another in a crime charged in the Indictment. Therefore, acts done by an employee in his or her role as an agent of his or her employer without the intent to aid another as a knowing participant in a crime charged in the Indictment are not included in the definition of criminal agency.

The Government does not have to prove that all the people named in the Indictment were members of a conspiracy's plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the

unlawful plan itself, so the Government does not have to prove that the conspirators succeeded in carrying out the plan. Neither does proof beyond a reasonable doubt that the Defendant succeeded in carrying out the plan itself preclude the existence or continuance of a conspiracy proved beyond a reasonable doubt. In other words, a conspiracy, if proved, is a crime separate from a successfully accomplished crime which was the subject of the conspiracy.

A person may be a conspirator even without knowing all the details of the unlawful plan or the names and identities of all of the other alleged conspirators.

If a Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and knowingly and willfully joined in the plan on at least one occasion, that is sufficient for you to find the Defendant guilty as long as all the other necessary facts underlying a conspiracy are proved beyond a reasonable doubt.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests does not establish proof of a conspiracy. Also, a person who does not know about a conspiracy but happens to act in a way that advances some purpose of one does not automatically become a conspirator.

During a conspiracy, if a conspirator commits a crime to advance the conspiracy towards its goals, then, in some cases, a co-conspirator may be guilty of the crime even though the co-conspirator did not participate directly in the crime.

So, regarding Defendant Stewart Parnell, if you find him guilty of the crime of conspiracy as charged in Count One, you may also find him guilty of any of the crimes charged in Counts 36-60 and 62-67, even if he did not personally or directly participate in those crimes. Also, regarding Defendant Stewart Parnell, if you find him guilty of the crime of conspiracy as charged in Count Two, you may also find him guilty of any of the crimes charged in Counts 3-35, even if he did not personally or directly participate in those crimes. However, each of those crimes must first also be proved beyond a reasonable doubt. To do this, you must find beyond a reasonable doubt:

(1)  during the conspiracy, a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)  the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3)  it was reasonably foreseeable that a co-conspirator would commit the crime as a consequence of the conspiracy.

Regarding Defendant Michael Parnell, if you find him guilty of the crime of conspiracy as charged in Count One, you may also find him guilty of any of the crimes charged in Counts 36, 39-43, 47, 48, 50, 52-54, 56, 58, 59, 61, and 67, even if he did not personally or directly participate in those crimes. Also, regarding

Defendant Michael Parnell, if you find him guilty of the crime of conspiracy as charged in Count Two, you may also find him guilty of any of the crimes charged in Counts 3, 6-10, 14, 15, 17, 19-21, 23-30, and 32-35, even if he did not personally or directly participate in those crimes. However, each of those crimes must first also be proved beyond a reasonable doubt. To do this, you must find beyond a reasonable doubt:

(1)   during the conspiracy, a conspirator committed the additional crime charged to further the conspiracy's purpose;

(2)   the Defendant was a knowing and willful member of the conspiracy when the crime was committed; and

(3)   it was reasonably foreseeable that a co-conspirator would commit the crime as a consequence of the conspiracy.

As I noted earlier, Defendants Stewart Parnell and Michael Parnell are charged with two separate conspiracies. Proof of separate conspiracies not charged in the Indictment is not proof of one of the particular conspiracies charged in the Indictment unless such proof is related to and part of a charged conspiracy. Thus, for each charged conspiracy, you must decide whether that particular conspiracy existed between two or more conspirators and included the Defendant or Defendants. If not, then you must find the Defendant or Defendants not guilty of that Count of conspiracy.

But if you decide that one of the charged conspiracies existed, then you must decide who the conspirators were. And if you decide that a particular Defendant was

a member of some other conspiracy—not the one charged—then you must find that Defendant not guilty.

So to find a Defendant guilty of either Count of conspiracy, you must all agree that the Defendant was a member of the particular conspiracy charged—not a member of some other uncharged conspiracy.

Count One charges Defendants Stewart Parnell and Michael Parnell with a conspiracy in violation of Title 18, United States Code, Section 1349.   The Defendants can be found guilty of the conspiracy offense charged in Count One only if all the following facts are proved beyond a reasonable doubt:

(1)   two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit Mail Fraud or Wire Fraud, as charged in the Indictment; and

(2)   the Defendant knew the unlawful purpose of the plan and willfully joined it;

The substantive offenses allegedly underlying the conspiracy charge in Count One are Mail Fraud in violation of Title 18, United States Code, Section 1341, and Wire Fraud in violation of Title 18, United States Code, Section 1343.   In other words, Count One charges that Defendants Stewart Parnell and Michael Parnell conspired to commit two separate substantive crimes: Mail Fraud and Wire Fraud. The Government does not have to prove that those Defendants willfully conspired to commit <u>both</u> crimes.   It is sufficient if the Government proves beyond a reasonable

doubt that Defendants Stewart Parnell and Michael Parnell willfully conspired to commit one of those crimes; that is, Mail Fraud or Wire Fraud. But to return a verdict of guilty on Count One, you must all agree on which of the two crimes, if any, either or both Defendants conspired to commit.

Defendants Stewart Parnell and Michael Parnell are also charged with the substantive offense of Mail Fraud in Counts 36-55. The Defendants can be found guilty of Mail Fraud only if all the following facts are proved beyond a reasonable doubt:

(1)   the Defendants knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2)   the false or fraudulent pretenses, representations, or promises were about a material fact;

(3)   the Defendants intended to defraud someone; and

(4)   the Defendants used a private or commercial interstate carrier by depositing, or causing to be deposited with the carrier, something meant to help carry out the scheme to defraud.

The Defendants can be found guilty of conspiracy to commit Mail Fraud as charged in Count One and the substantive offense of Mail Fraud, if proved guilty of each beyond a reasonable doubt.

I will now explain the substantive offense of Wire Fraud. Wire Fraud is one of the crimes allegedly underlying the conspiracy charged in Count One. Defendants Stewart Parnell and Michael Parnell are charged with Wire Fraud in Counts 56-67.

Defendants Stewart Parnell and Michael Parnell can be found guilty of Wire Fraud only if all the following facts are proved beyond a reasonable doubt:

(1)　the Defendants knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2)　the false or fraudulent pretenses, representations, or promises were about a material fact;

(3)　the Defendants intended to defraud someone; and

(4)　the Defendants transmitted or caused to be transmitted by wire some communication in interstate commerce to help carry out the scheme to defraud.

The Defendants can be found guilty of conspiracy to commit Wire Fraud as charged in Count One <u>and</u> the substantive offense of Wire Fraud, if each is proved beyond a reasonable doubt.

A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It does not matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.

To "cause" an interstate carrier to be used is to do an act knowing that the use of the carrier will usually follow in the ordinary course of business, or where that use can reasonably be foreseen.

To "use" interstate wire communications is to act so that something would normally be sent through wire communications in the normal course of business.

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact that the speaker knows is untrue or makes with reckless indifference to the truth, and makes the statement or representation with the intent to defraud.  A statement may be "false" or "fraudulent" when it is a half-truth, or effectively conceals a material fact, and is made with the intent to defraud.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something.  A fact is "material" if it has the capacity or natural tendency to influence a person's decision.  It does not matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

The "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details about the precise nature and purpose of the scheme.  It also does not have to prove that the material deposited with an interstate carrier was itself false or fraudulent, or that the material transmitted by interstate wire was itself false or fraudulent.  Further, the Government does not have to prove that the deposit or transmission was intended as the specific or exclusive means of carrying out the alleged fraud, or that the Defendants personally made the deposits or transmissions.  The Government does not have to prove that the alleged scheme actually succeeded in defrauding anyone.

Count Two charges Defendants Stewart Parnell and Michael Parnell with a conspiracy in violation of Title 18, United States Code, Section 371.   Note that the conspiracy charged in Count Two is different from the conspiracy charged in Count One.   Count Two alleges a violation of another Federal conspiracy statute. Defendants can be found guilty of the conspiracy offense charged in Count Two only if all the following facts are proved beyond a reasonable doubt:

(1)    two or more persons in some way agreed to try to accomplish a shared and unlawful plan;

(2)    the Defendant knew the unlawful purpose of the plan and willfully joined in it;

(3)     during the conspiracy, one of the conspirators knowingly engaged in at least one overt act as described in the indictment; and

(4)     the overt act was committed at or about the time alleged and with the purpose of carrying out or accomplishing some object of the conspiracy.

An "overt act" is any transaction or event, even one that may be entirely innocent when viewed alone, that a conspirator commits to accomplish some object of the conspiracy.  Note that proof beyond a reasonable doubt of an overt act is required for the conspiracy charged in Count Two but not the conspiracy charged in Count One.

The substantive offenses allegedly underlying the conspiracy charge in Count Two are Introduction of Adulterated or Misbranded Food into Interstate Commerce with Intent to Defraud or Mislead in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).  The substantive offense of Introduction of Adulterated Food into Interstate Commerce with Intent to Defraud or Mislead is charged against Defendants Stewart Parnell and Michael Parnell in Counts 3-22, and the substantive offense of Introduction of Misbranded Food into Interstate Commerce with Intent to Defraud or Mislead is charged against those Defendants in Counts 23-35.  Each of Counts 3-35 charges that an identified shipment to a particular customer of the Peanut Corporation of America was a separate violation of Federal law.  The alleged customer's location, the Peanut Corporation of America lot number, and date of the shipment alleged are set forth in the indictment.

As I mentioned earlier, Defendants Stewart Parnell and Michael Parnell can be found guilty of the charge of conspiracy to commit the substantive offenses in Count Two, and the substantive offenses themselves in Counts 3-35, if each is proved beyond a reasonable doubt.

The Defendants can be found guilty of the substantive offense of Introduction of Adulterated Food into Interstate Commerce with Intent to Defraud or Mislead as charged only if the Government proves each of the following facts beyond a reasonable doubt for each shipment as alleged in the separate Counts in the Indictment:

> (1)   that the Defendant you are considering caused a food to be introduced or delivered for introduction into interstate commerce that was labeled as, or otherwise represented to be, peanuts or peanut products for manufacturing;
>
> (2)   that the food was adulterated when so introduced or delivered for introduction into interstate commerce; and
>
> (3)   that the Defendant you are considering acted with intent to defraud or mislead.

The term "food" as used in the Indictment and these instructions means articles used for food or drink for persons and components of any such article.

"Interstate commerce" means commerce, trade, or travel between one State and another State. The delivery into interstate commerce need not be made by the Defendants. Food is "delivered" if a person causes the introduction or delivery for introduction into interstate commerce of that food. A person causes the introduction

or delivery for introduction into interstate commerce of a food when he does an act with knowledge that the product will, in the ordinary course of business, move in interstate commerce.

Food is "adulterated" if it bears or contains any poisonous or harmful substance which may render it injurious to health or if it has been prepared, packed, or held under insanitary conditions whereby it may have become contaminated with filth and thereby rendered injurious to health.

The term "may render it injurious to health" or "may have been rendered injurious to health" means that there is a reasonable possibility of injury to the consumer.

The term "insanitary conditions" and "filth" as used in these instructions should be given their usual and ordinary meanings. The meanings of these terms are not confined to any scientific or medical definitions.

As I noted earlier, the "intent to defraud" is the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else. If you find that either Defendant did not act with the intent to defraud or mislead as to Counts 3-22, you should consider whether that particular Defendant is guilty of the lesser-included offense of Introduction of Adulterated Food into

Interstate Commerce.  To be guilty of that lesser-included offense, the Government must prove each of the following facts beyond a reasonable doubt:

(1)    that the Defendant you are considering caused a food to be introduced or delivered for introduction into interstate commerce that was labeled as, or otherwise represented to be, peanuts or peanut products for manufacturing; and

(2)    that the food was adulterated when so introduced or delivered for introduction into interstate commerce.

Thus, the Defendant can be guilty of the lesser-included offense of Introduction of Adulterated Food into Interstate Commerce if done without the intent to defraud or mislead.  However, a Defendant is not guilty of introducing adulterated food into interstate commerce if he received and delivered the food in good faith, or he establishes that he received a guaranty stating that the food was not adulterated, signed by the party from whom he received the food in good faith.  Note the Defendants' good faith or receipt of a guaranty may be considered only in connection with the lesser-included offense; that is, where there is no intent to defraud or mislead.

The Defendants can be found guilty of the substantive offense of Introduction of Misbranded Food into Interstate Commerce with Intent to Defraud or Mislead only if the Government proves each of the following facts beyond a reasonable doubt for each shipment as alleged in the separate Counts in the Indictment:

(1)     that the Defendant you are considering caused a food to be introduced or delivered for introduction into interstate commerce that was labeled as, or otherwise represented to be, peanuts or peanut products for manufacturing;

(2)     that the food was misbranded when so introduced or delivered into interstate commerce; and

(3)     that the Defendant you are considering acted with the intent to defraud or mislead.

A food item is "misbranded" if it is not what it purports to be or what it is represented as. The term "labeling" in the context of this case means all displays of written, printed, or graphic matter upon the food, or accompanying the food. An item accompanies a food when it supplements or explains it. No physical attachment is necessary. Nor need the labeling be sent on the same date or in the same package.

If you find that either Defendant did not act with the intent to defraud or mislead as to Counts 23-35, you should consider whether that particular Defendant is guilty of the lesser-included offense of Introduction of Misbranded Food into Interstate Commerce. To be guilty of that lesser-included offense, the Government must prove each of the following facts beyond a reasonable doubt:

(1)     that the Defendant you are considering caused a food to be introduced or delivered for introduction into interstate commerce that was labeled as, or otherwise represented to be, peanuts or peanut products for manufacturing; and

(2)     that the food was misbranded when so introduced or delivered into interstate commerce.

Thus, the Defendant can be guilty of the lesser-included offense of Introduction of Misbranded Food into Interstate Commerce if done without the intent to defraud or mislead. However, a Defendant is not guilty of introducing misbranded food into interstate commerce if he received and delivered the food in good faith, or he establishes that he received a guaranty stating that the food was not misbranded, signed by the party from whom he received the food in good faith. Note the Defendants' good faith or receipt of a guaranty may be considered only in connection with the lesser-included offense; that is, where there is no intent to defraud or mislead.

I instruct you that "good faith" is a complete defense to a charge that requires intent to defraud. A defendant isn't required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

An honestly held opinion or an honestly formed belief cannot be fraudulent intent – even if the opinion or belief is mistaken. Similarly, evidence of a mistake in judgment, an error in management, or carelessness can't establish fraudulent intent.

But an honest belief that a business venture would ultimately succeed doesn't constitute good faith if the Defendant intended to deceive others by making representations the Defendant knew to be false or fraudulent.

The last substantive offense I will describe to you is Obstruction of Justice charged in Counts 68, 72, 73, and 76. It is a Federal crime to corruptly try to influence, obstruct, or impede the due administration of justice. The Defendants can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    that a proceeding was pending before an agency of the United States;

(2)    that the Defendants knew that a proceeding was pending before that agency;

(3)    that the Defendants endeavored to influence, obstruct, or impede the due administration of justice under which the proceeding was being conducted; and

(4)    that the Defendants did so corruptly.

The word "proceeding" would include a lawful investigation conducted by a Federal administrative agency.

To "influence, obstruct, or impede the due administration of justice" is to do something to sway or change or prevent any action likely to be taken in the administrative proceeding.

To act "corruptly" means to act voluntarily, deliberately, and dishonestly with the specific intent to sway, change, or prevent some action likely to be taken in the proceeding.

The Government does not have to prove that the proceeding was in fact influenced or obstructed or impeded in any way. It only has to prove beyond a reasonable doubt that the Defendants corruptly tried to influence, obstruct, or impede the due administration of justice, and that the natural and probable effect of the Defendants' acts would be to sway, change, or prevent some action likely to be taken in the proceeding.

You will see that the indictment charges that a particular crime was committed "on or about" a certain date or during a certain time period. The Government does not have to prove that the alleged crime occurred on the exact date or during an exact time period alleged in the Indictment. The Government only has to prove beyond a reasonable doubt that the alleged crime was committed on a date, or during a time period, reasonably close to the date or time period alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of mistake or by accident.

The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While to act willfully requires proof that a person acted with the intent to do something the law forbids, the person need not be aware of the specific law or rule that his or her conduct may be violating.

Intent and knowledge exist in a person's mind, and cannot always be proved by exact and demonstrable evidence. Therefore, one's intent and knowledge has to be judged, to a certain extent at least, by his or her intelligence as shown by the evidence, and generally by judging him or her as reasonable, prudent persons, experienced in the everyday affairs of life, judge one another.

We cannot look into a person's mind and see what he or she intends or knows today, or what he or she intended or knew yesterday. But that does not mean that in a court of law intent and knowledge cannot be ascertained and established. The law says that a jury is authorized to infer a person's intent and knowledge from conduct, and what the person does and says, and how he or she acts (in accordance with the axiom that sometimes actions speak louder than words).

Now, intent and motive, Ladies and Gentlemen, should never be confused. Motive is what prompts a person to act or fail to act. Intent refers only to the state of mind with which the act is done. Personal advancement and financial gain are two well-recognized motives for much of human conduct. These laudable motives may prompt one person to voluntary acts of good, and another to voluntary acts of crime. Good motive alone is never a defense where the act done or omitted is a crime. So the motive of the Defendant is immaterial except insofar as evidence of motive may aid you in your determination of his or her state of mind or intention.

Ladies and gentlemen of the jury, it is possible to prove the Defendants guilty of a crime even without evidence that the particular Defendant personally performed every act of the crime charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others. A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime. A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime—not just proof that the Defendant was simply present at the scene of a crime or knew about it. In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach an agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A verdict form has been prepared for your convenience. You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return it to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the Court Officer who will bring it to my attention. I will then respond as promptly as possible, either in writing or by

having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me or anybody your numerical division, if any, at the time.

The Court will provide you with a written copy of these instructions.  I remind you that at any time there is a question as to the meaning of any instruction, the question should be directed to the Court.  Thereafter, I will give you additional instructions, if necessary or requested.  In other words you should rely only on the Court to explain these instructions.

**GIVEN IN OPEN COURT**, this 12th day of September 2014.

**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**